IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALIU ALABI,

      Plaintiff,

v.                                                                     No. 1:21-cv-00510-KK

TOM VILSACK, Secretary,
U.S. Department of Agriculture,

      Defendant.

## ORDER DENYING MOTION TO AMEND AS MOOT AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion for Leave to File First Amended Complaint, Doc. 6, filed June 10, 2021, and Plaintiff's First Amended Complaint, Doc. 7, filed June 10, 2021 ("Amended Complaint").

The Court denies Plaintiff's Motion for Leave to File First Amended Complaint as moot because Rule 15(a) allows a plaintiff to amend a complaint once as a matter of course within 21 days after service of a responsive pleading or a Rule 12 motion. *See* Fed. R. Civ. P. 15(a)(1)(B). Defendant has not yet filed a responsive pleading or a Rule 12 motion.

Plaintiff, who was and still is employed by the U.S. Department of Agriculture, filed an Equal Employment Opportunity complaint ("First EEOC Complaint") in 2013 alleging discrimination by his employer on the bases of race, national origin, color, disability and reprisal. *See* Complaint at 9, Doc. 1-1, filed October 4, 2018, in *Alabi v. Perdue*, No. 1:18-cv-00931-RB-LF.

On October 6, 2015, Plaintiff filed a "Second EEOC Complaint" alleging that the U.S. Department of Agriculture discriminated against him on the bases of race, national origin, disability, and reprisal.   *See* Complaint at 18.

On August 27, 2018, Plaintiff received a right to sue letter from the EEOC based on Plaintiff's First EEOC Complaint.   On October 4, 2018, Plaintiff filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 alleging discrimination based on race, color, national origin, disability and reprisal.  *See* Complaint at 9, Doc. 1, filed October 4, 2018, in *Alabi v. Perdue*, No. 1:18-cv-00931-RB-LF ("*Alabi I*").  Senior United States District Judge Robert C. Brack granted Defendant's motion for summary judgment and entered a final judgment in favor of Defendant dismissing the case with prejudice on June 5, 2020.   *See* Doc. 125, filed in *Alabi I*.

On March 29, 2021, the EEOC issued a right to sue letter based on Plaintiff's Second EEOC Complaint.   *See* Complaint at 3.   Plaintiff initiated this case, *Alabi II*, on June 2, 2021.   Plaintiff's Amended Complaint in *Alabi II* asserts claims for race, national origin and disability discrimination and retaliation which are based in part on facts alleged in *Alabi I*.

It appears that this case, *Alabi II*, may be barred by the doctrine of *res judicata* based on the dismissal with prejudice of *Alabi I*.

> "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if these three elements are satisfied, there is an exception to the application of claim

preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.

*Lenox Maclaren Surgical Corporation v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017). There is a final judgment in *Alabi I*. Plaintiff and Defendant Secretary of U.S. Department of Agriculture are the only parties in *Alabi I* and *Alabi II*. The Amended Complaint in *Alabi II* alleges many of the same facts alleged in the amended complaint in *Alabi I*. The facts in the *Alabi II* Amended Complaint that are not alleged in the *Alabi I* amended complaint occurred after Plaintiff filed his First EEOC Complaint. Plaintiff could have alleged those facts, and asserted claims based on those facts, in the *Alabi I* amended complaint because the alleged acts occurred before Plaintiff filed the *Alabi I* amended complaint on October 22, 2018.[1] *See Lenox Maclaren Surgical Corporation v. Medtronic, Inc.*, 847 F.3d at 1245 ("Essential to the application of the doctrine of res judicata is the principle that the previously unlitigated claim to be precluded could and should have been brought in the earlier litigation"). Exhaustion of administrative remedies was not a jurisdictional prerequisite to filing suit. *See Lincoln v. BNSF Railway Company*, 900 F.3d 1166, 1185 (10th Cir., August 17, 2018) ("the full court now holds that a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to

---

[1] A few allegations reference dates after the date Plaintiff filed his amended complaint in *Alabi I*. *See* Amended Complaint at 10, ¶ 97 ("There were only two blacks in the ASC Service Team, Plaintiff and Ms. Grant, and both were supervised by Jonna Anderson in 2015, 2016, 2017, 2018, and 2019 performance year"); at 13, ¶ 136 ("Plaintiff is currently in GS-11 in June 2021 as he was in June 2021"); at 14, ¶ 146 ("Plaintiff and Ms. Grant never received temporary promotion or promotion up till today June 2021"); at 14, ¶ 148 ("Ms. Grant transferred to the Agency in 09/2007 with GS-201-11 and currently at GS-201-11"); at 14, ¶ 149 ("Plaintiff and Ms. Grant currently in GS-201-11 in the Agency").

raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim").

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Leave to File First Amended Complaint, Doc. 6, filed June 10, 2021, is **DENIED as moot.**

(ii) Plaintiff shall, within 21 days of entry of this Order, show cause why this case should not be dismissed as barred by the doctrine of *res judicata*. Failure to timely show cause may result in dismissal of this case.

*/s/ Kirtan Khalsa*
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**