# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALIU ALABI,

      Plaintiff,

v.                                                                   No. 1:21-cv-00510-WJ-KK

TOM VILSACK, Secretary,
U.S. Department of Agriculture,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Response to Order to Show Cause, Doc. 9, filed June 28, 2021 ("Response").

Plaintiff, who was and still is employed by the U.S. Department of Agriculture, filed an Equal Employment Opportunity complaint ("First EEOC Complaint") on August 7, 2013 alleging discrimination by his employer on the bases of race, national origin, color, disability and reprisal. *See* Complaint at 9, Doc. 1-1, filed October 4, 2018, in *Alabi v. Perdue*, No. 1:18-cv-00931-RB-LF.

On October 6, 2015, Plaintiff filed a "Second EEOC Complaint" alleging that the U.S. Department of Agriculture discriminated against him on the bases of race, national origin, disability, and reprisal. *See* Complaint at 18.

On August 27, 2018, Plaintiff received a right to sue letter from the EEOC based on Plaintiff's First EEOC Complaint. On October 4, 2018, Plaintiff filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 alleging discrimination based on race, color, national origin, disability and reprisal. *See* Complaint at 9, Doc. 1, filed October 4, 2018, in *Alabi v. Perdue*, No. 1:18-cv-00931-RB-LF ("*Alabi I*"). Senior United States District Judge Robert C.

Brack granted Defendant's motion for summary judgment and entered a final judgment in favor of Defendant dismissing the case with prejudice on June 5, 2020. *See* Doc. 125, filed in *Alabi I*.

On March 29, 2021, the EEOC issued a right to sue letter based on Plaintiff's Second EEOC Complaint. *See* Complaint at 3. Plaintiff initiated this case, *Alabi II*, on June 2, 2021. Plaintiff's Amended Complaint in *Alabi II* asserts claims for race, national origin and disability discrimination and retaliation, and alleges facts that he alleged in *Alabi I*.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff that it appears that this case, *Alabi II*, may be barred by the doctrine of *res judicata* based on the dismissal with prejudice of *Alabi I* stating:

> "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6. *Lenox Maclaren Surgical Corporation v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017).
>
> There is a final judgment in *Alabi I*. Plaintiff and Defendant Secretary of U.S. Department of Agriculture are the only parties in *Alabi I* and *Alabi II*. The Amended Complaint in *Alabi II* alleges many of the same facts alleged in the amended complaint in *Alabi I*. The facts in the *Alabi II* Amended Complaint that are not alleged in the *Alabi I* amended complaint occurred after Plaintiff filed his First EEOC Complaint. Plaintiff could have alleged those facts, and asserted claims based on those facts, in the *Alabi I* amended complaint because the alleged acts occurred before Plaintiff filed the *Alabi I* amended complaint on October 22,

2018. *See Lenox Maclaren Surgical Corporation v. Medtronic, Inc.*, 847 F.3d at 1245 ("Essential to the application of the doctrine of res judicata is the principle that the previously unlitigated claim to be precluded could and should have been brought in the earlier litigation"). Exhaustion of administrative remedies was not a jurisdictional prerequisite to filing suit. *See Lincoln v. BNSF Railway Company*, 900 F.3d 1166, 1185 (10th Cir., August 17, 2018) ("the full court now holds that a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim").

Order to Show Cause at 2-4, Doc. 8, filed June 11, 2021. Judge Khalsa ordered Plaintiff to show cause why this case should not be dismissed as barred by the doctrine of *res judicata*.

In his Response to Judge Khalsa's Order to Show Cause, Plaintiff argues that this case is not barred by the doctrine of *res judicata* because there is no identity of the cause of action in both suits. Plaintiff states that "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence" and that this case is based on new facts that were not part of the transaction in *Alabi I*.

The Court finds that the new facts in this case are part of a series of transactions which includes the facts in *Alabi I*.

> "What constitutes the same transaction or series of transactions is 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' " *Id.* (quoting Restatement § 24).

*Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006). Plaintiff argues that the new facts in this case are not related in time because the acts he complains of in this case occurred in 2015 while the acts he complained of in *Alabi I* occurred in 2013 and earlier, but Plaintiff included the 2013 and earlier acts in his Complaint in this case "as background evidence" to support his claims in this case. Response at 3. The new facts in this case are related to the facts in *Alabi I* in space and motivation because both occurred at his place of employment and allegedly

3

occurred because of Plaintiff's race, national origin and disability. The facts in this case and in *Alabi I* form a convenient trial unit, because the new facts occurred before Plaintiff filed his complaint in *Alabi I*, and their treatment as a unit conforms to most parties' expectations in that parties would expect a complaint to include all instances of discrimination that occurred before the complaint is filed. Plaintiff could have, and should have, included the new facts in this case in his complaint in *Alabi I*. The Court concludes that this case is barred by the doctrine of *res judicata*.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**